Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff

v.

ANDERSON–BROWN PATROL, INC., Defendant.

Civ. A. No. 1932.

United States District Court
W. D. North Carolina,
Asheville Division.

Dec. 7, 1961.

Charles Donahue, Solicitor, Washington, D. C., Beverley R. Worrell, Regional Attorney, William Fauver, Attorney, United States Department of Labor, Birmingham, Ala., for plaintiff.

Uzzell & DuMont, Elmore & Martin, Asheville, N. C., for defendant.

WARLICK, Chief Judge.

This is a Civil Action, instituted on the 10th day of August, 1960 in which plaintiff seeks a recovery for those who requested the institution of the action from the defendant for its alleged failure to pay a proper compensation as required by law. It was heard by the Court without a jury.

The action was brought by the plaintiff under the Fair Labor Standards Act of 1938, as amended, Title 29 U.S.C.A. § 201 et seq., hereinafter referred to as the Act.

Plaintiff seeks unpaid minimum wages under the provisions of Section 16 (c) of the Act for one Guy Kenneth Penland, a former employee of defendant, and in addition the action is instituted on behalf of one Ellis Murray Green, another former employee of the defendant, to obtain both unpaid minimum wages and unpaid overtime compensation. Penland,

having been employed as an armored car driver, is not entitled to consideration for overtime compensation as he was an employee who fell within the meaning of Section 13(b) (1) of the Act over whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 304 of Title 49.

On August 18, 1960, following a hearing had at the summer term of this court in Asheville, an injunction was issued in civil action No. 1862 in which the defendant Anderson-Brown Patrol, Inc., was enjoined from violating the provisions of Section 15(a) (2) and 15(a) (5) of the Act which relates to the failure to pay the minimum wage found in Section 6, the failure to pay overtime compensation as set forth in Section 7, and the failure to maintain proper wage and hour records as set forth in Section 11(c) of the Act.

It was determined in the injunction action at the hearing that the employees of Anderson-Brown Patrol, Inc., who worked on the various patrols were "engaged in commerce or in the production of goods for commerce" as required by the Act by reason of the fact that a major portion of their work as patrolmen for the watchman patrol services in and around the city of Asheville involved the patrolling of businesses and banks which were engaged in the production of goods for commerce.

The present action arose when the two above-named employees petitioned the Secretary of Labor to institute actions in their behalf for recovery of unpaid compensation, and though separate actions, the present one stems from violations of the Act which were found to exist upon the hearing of No. 1862, the injunction action.

The fact that the employees involved were "engaged in commerce or in the production of goods for commerce" was found to exist in the prior action, and upon certain testimony rendered in this case also. The major portion of the testimony in the case at bar involves the hours and wages of the two employees, Green and Penland. This question is somewhat difficult to determine as the defendant did not maintain the proper books and records required by the Act, and to correct this failure injunction was issued in Case No. 1862 by the court.

The trial consisted principally of the testimony of the two employees, both of whom are no longer connected with the defendant. Ellis Murray Green who seeks unpaid minimum wages and overtime compensation for the period between August 1, 1958 and November 27, 1959, testified that in his duties as a night patrolman he commenced work between the hours of 7:30 and 8:00 p. m. proceeded along his prescribed route, stopping at each customer's location to inspect doors and windows, and that he completed his patrol between the hours of 4:30 and 5:00 a. m. It appears from an inspection of the defendant's payroll records that he was paid $42 per week from August 1, 1958 until around March 20, 1959, when his salary was raised to around $50 per week. It remained in a bracket of high 40s to low 60s thereafter until November 27, 1959, at which time he left the defendant's employment. From Green's testimony it also was brought out that he was entitled to a lunch break of one hour each night on his patrol, and that he worked six nights per week. Additionally, he stated that he had a day-time assignment to patrol certain warehouses, an assignment which took about one hour per day to complete and which he did seven days per week.

Guy Kenneth Penland seeks unpaid minimum wages for the period between August 1, 1958 and March 25, 1960. His principle duty was to drive an armored car which was operated by defendant for the pick up and delivery of money for various business establishments. He testified that when performing this function he began around 8:00 a. m. and finished at 4:30 or 5:00 p. m.; that he did this five days a week, and was paid $32.50 per week. In addition, he had a regular route in the armored car on Thursday, Friday and Saturday evenings in which he picked up money at the local Dixie Stores to be deposited in the bank that night and this

work involved about three hours a week. He also testified that he had night duty as a relief patrolman, often working four nights a week, for which he was paid $7.00 per night.

Cross-examination brought to light the fact that during the period involved Guy Kenneth Penland was also operating a driver-training car for defendant at which job he was paid $1.25 per hour and it appears that this work was performed during his regular work hours. Also it was brought out that he attended night school during the period involved, that the classes met every night during the week and that he got out around 9:00 p. m. each night. He also admitted that he worked in a grocery store on weekends and for a trucking company on weekends and Mondays.

■■ In determining a just amount of recovery for these individuals much is left to conjecture. The plaintiff has the burden of proving the number of hours worked and the amounts of unpaid compensation due each individual. But under Section 11(c) of the Act it is the employer who has the burden of keeping proper records of wages, hours and other conditions and practices of employment, and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Anderson v. Mt. Clement Pottery Company, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515.

■ The plaintiff has satisfied the burden of showing the work was performed and that there was improper compensation. The amount and extent of that work has been shown as a matter of just and reasonable inference. The defendant has only in part been able to negative the reasonableness of the inference to be drawn from the plaintiff's evidence. It is evident from the testimony that Green worked approximately 50 or more hours per week, and was therefore not paid the minimum wage except when his salary was raised to $50 per week, nor does it appear that he was adequately compensated for overtime work.

With regard to Guy Kenneth Penland, the records of the defendant corporation reveal that the $32.50 per week salary about which he testified was in effect only from August 1, 1958 until November 14, 1958, a period of about sixteen weeks and that thereafter he was paid amounts substantially higher due to the fact that his weekly salary was raised to $42 and he had additional salary from operating the driver-training car.

### Conclusions of Law

This court has jurisdiction of the parties and the subject matter of this action. 29 U.S.C.A. § 216(c), 28 U.S.C.A. §§ 1337 and 1345.

■ The two employees of the defendant who engaged in patrol duty during the workweeks involved were engaged in an occupation closely related and directly essential to the production of goods produced in the establishments patrolled. The employee who also operated the armored car was engaged in an occupation directly essential to the production of goods for commerce. They were therefore engaged in the production of goods for commerce and are entitled to the benefits of Sections 6 and 7 of the Act.

Defendant has violated Sections 6 and 7 of the Act with respect to Ellis Murray Green in whose behalf this suit was brought.

Defendant has violated Section 6 of the Act with respect to Guy Kenneth Penland in whose behalf this suit was brought.

■ Finally, after undertaking to determine from the evidence that amount which each of the parties for whom the action was brought should receive of the defendant, I find and so declare that plaintiff is entitled to recover from the defendant for the use and benefit of Ellis Murray Green the amount of $566.00 for that period beginning August 1, 1958, and through the week ending March 13, 1959, and for that period during which he was paid a different wage, from March 14, 1959 through November 27, 1959, when his salary varied from a low of

$46.00 per week to a high pay scale of $64.00 per week, or a period of 37 weeks, the sum of $405.00,—a total of $971.00.

That plaintiff is entitled to recover from the defendant for the use and benefit of Guy Kenneth Penland, during the period of time involved, the sum of $207.-00.

Counsel will prepare decree carrying this decision into effect.